**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LYNNE A. CARODISKEY** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v** | ) **2:09-cv-992** |
| | ) |
| **GOODWILL INDUSTRIES OF PITTSBURGH** | ) |
| **Defendant.** | ) |
| | ) |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court is the MOTION TO DISMISS PURSUANT TO RULE 12(b)(5)

FOR FAILURE TO SERVE COMPLAINT AND SUMMONS WITHIN THE TIME

PROVIDED BY RULE 4(m) (Document No. 2) which was filed by Defendant Goodwill

Southwestern Pennsylvania f/k/a Goodwill Industries of Pittsburgh ("Goodwill").  Plaintiff has

filed a Response in Opposition to the motion (Document No. 4), with exhibits, and the motion is

ripe for disposition.


<u>Procedural History</u>

The complaint in this case was filed on July 29, 2009.  On August 31, 2009, Plaintiff's

counsel sent a request for waiver of service by regular United States mail to Goodwill's principal

place of business at 2600 East Carson Street, Pittsburgh, Pennsylvania.  On November 20, 2009,

after not receiving a response to his initial request, Plaintiff's counsel attempted to send a request

for waiver of service by certified mail to Edward Lawrence, Jr., of the law firm Springer, Bush &

Perry, the attorney who had represented Goodwill before the EEOC.  Unfortunately, the law firm

had ceased operations in December 2008 (almost a year earlier) and had no place of business in

November 2009.  Not surprisingly, the efforts to deliver the certified mail were unsuccessful and

the documents were returned to Plaintiff's counsel in late December 2009.  Plaintiff's counsel

avers in his response that, for some unexplained reason, he did not "recognize" the return of the

certified mail documents until January 2010.  Another month of unexplained delay ensued.  On

February 11, 2010, Plaintiff's counsel sent another request for waiver of service to Goodwill's

principal place of business.  Defendant filed the pending motion to dismiss on February 24, 2010.


Legal Analysis

Federal Rule of Civil Procedure 4(m) states, in relevant part:

If a defendant is not served within 120 days after the complaint is filed, the court -
- on motion or on its own after notice to the plaintiff -- must dismiss the action
without prejudice against that defendant or direct that service be made within a
specified time.  But if the plaintiff shows good cause for the failure, the court
must extend the time for service for an appropriate period.

In *Toney v. Seibert*, 2005 WL 2219477 (W.D. Pa. 2005) (Schwab, J.), the Court articulated the

principles that govern a motion to dismiss for failure to effectuate timely service:

In deciding whether to dismiss an action for failure to serve within 120 days, the
district court must employ a two-pronged inquiry. First, the Court must determine
whether good cause for the failure to effect timely service exists. "If good cause is
present, the district court must extend time for service and the inquiry is ended."
*Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir.1995). Second,
if good cause does not exist, the court nonetheless has discretion to either dismiss
the case without prejudice or extend the time for service. *Id.*

Rule 4(m) does not define "good cause," but the United States Court of Appeals
for the Third Circuit has equated "good cause" with the "excusable neglect"
standard under Fed.R.Civ.P. 6(b)(2). *MCI Telecommunications Corp. v.
Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995). Thus, good cause
"require[s] a demonstration of good faith on the part of the party seeking an
enlargement and some reasonable basis for noncompliance within the time
specified in the rules." *Id.* "[T]he primary focus is on the plaintiff's reasons for not
complying with the time limit in the first place." *Id.; Boley v. Kaymark*, 123 F.3d
756, 758 (3d Cir.1997) (quoting *MCI Telecommunications*, 71 F.3d at 1097).

Neither "inadvertence of counsel," "half-hearted efforts by counsel," or "reliance upon a third party or on a process server," constitutes "good cause" to excuse the failure to serve within 120 days. *Petrucelli*, 46 F.3d at 1307 (internal quotation marks omitted); *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir.1987). A plaintiff's "disregard for ... the 'technical niceties' of service of process" does not constitute good cause. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir.1996). *See also Momah v. Albert Einstein Medical Center*, 158 F.R.D. 66, 69 (E.D.Pa.1994) (failure to timely serve a complaint will not be excused when the omission was due to the attorney's lack of diligence in effectuating the requirements of the rule).

The Court concludes that Plaintiff's counsel in this case has not demonstrated "good cause" basis for his failure to make timely service on Goodwill.  Because the complaint was filed on July 29, 2009, the 120 days provided by Rule 4(m) expired on November 27, 2009.  For the first 32 days, counsel did nothing.  The extent of his efforts consisted of a request for waiver of service sent on August 31, 2009 to Goodwill's principal place of business and an attempt on November 20, 2009 to send a second request for waiver of service by certified mail to an obsolete address of Goodwill's former attorney.  It may be reasonably inferred that Plaintiff's counsel never attempted to telephone or email Goodwill's former attorney to discuss service (otherwise, he would have learned that the law firm had disbanded).   It was simply not reasonable for Plaintiff's counsel to rely on a mailing, particularly as he had to be aware that the 120-day deadline for service was imminent.  There is no evidence that Plaintiff's counsel attempted to effectuate personal service at any time.  Certainly, Plaintiff's counsel has fallen short of demonstrating "good cause" for which the time for service must be extended.

In determining whether to dismiss the case without prejudice or to provide an additional period for service, the Court notes that the lack of diligence by Plaintiff's counsel continued beyond the initial 120-day period.  He apparently did not closely monitor the certified mailing

3

because he did not discover that it had been returned unexecuted until January 2010.  Even that discovery did not provoke prompt, active efforts to effectuate service on his part.  Rather, Plaintiff's counsel waited another month, until February 11, 2010, to send a third request for waiver of service.  He has provided no explanation for the delay between November 2009 and February 2010.  The Court concludes that counsel's conduct is not excusable neglect, but rather, constitutes inadvertence, half-hearted efforts, and/or disregard for the rules of service.  Therefore, dismissal of this case, without prejudice, is warranted.

In accordance with the foregoing, the MOTION TO DISMISS PURSUANT TO RULE 12(b)(5) FOR FAILURE TO SERVE COMPLAINT AND SUMMONS WITHIN THE TIME PROVIDED BY RULE 4(m) (Document No. 2) which was filed by Defendant Goodwill Southwestern Pennsylvania f/k/a Goodwill Industries of Pittsburgh is **GRANTED** and this case is hereby **DISMISSED WITHOUT PREJUDICE**.  The clerk shall docket this case closed.

SO ORDERED this 12th day of March, 2010.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:   Erik M. Yurkovich, Esquire
Email: Erik.Yurkovich@gmail.com

Frederick J. Wolfe, Esquire
Email: fwolfe@tuckerlaw.com

4